**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1608**

HORST SCHWINN, Guardian Ad Litem of Doerte Hesse,

Plaintiff - Appellant,

and

MARCUS HESSE, Guardian Ad Litem of Josef Hesse,

Plaintiff,

v.

LONG & FOSTER REAL ESTATE, INCORPORATED,

Defendant – Appellee,

and

CHARLES STEPHEN EBBETS,

Defendant.

**No. 08-1663**

MARCUS HESSE, Guardian Ad Litem of Josef Hesse,

Plaintiff - Appellant,

and

HORST SCHWINN, Guardian Ad Litem of Doerte Hesse,

Plaintiff,

v.

LONG & FOSTER REAL ESTATE, INCORPORATED,

        Defendant – Appellee,

    and

CHARLES STEPHEN EBBETS,

        Defendant.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:07-cv-00603-LMB-TCB)

---

Argued: September 23, 2009        Decided: January 25, 2010

---

Before MOTZ, Circuit Judge, HAMILTON, Senior Circuit Judge, and Irene M. KEELEY, United States District Judge for the Northern District of West Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Steven M. Garver, GARVER LAW OFFICES, PC, Reston, Virginia, for Appellants. Danielle D. Giroux, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Richmond, Virginia, for Appellee. **ON BRIEF:** Douglas K. Landau, ABRAMS LANDAU LTD, Herndon, Virginia; Roger T. Creager, THE CREAGER LAW FIRM, PLLC, Richmond, Virginia, for Appellant Horst Schwinn, Guardian Ad Litem of Doerte Hesse. Stanley P. Wellman, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The dispute before us grows out of a tragic accident. At approximately 10:30 A.M. on July 23, 2005, while riding their motorcycle in Fauquier County, Virginia, Josef Hesse and his wife, Doerte ("the Hesses"), were struck by a Cadillac Deville sedan driven by a realtor named Charles Stephen Ebbets ("Ebbets"). The Hesses received catastrophic brain injuries as a result of the accident and are incapacitated. Their *guardians ad litem* sued Ebbets individually, and also sued Long & Foster Real Estate, Inc. ("Long & Foster") as Ebbets's employer under a theory of respondeat superior. The district court entered judgment in favor of Long & Foster after concluding that Long & Foster was not vicariously liable for the Hesses' injuries because Ebbets was not acting as its employee at the time of the accident. Following this, the Hesses proceeded to trial against Ebbets and obtained a verdict for $36 million in damages. They now appeal to us, arguing that the district court erred when it entered summary judgment in Long & Foster's favor. We affirm.

I.

Sometime prior to 2005, Ebbets entered into a Broker-Associate Independent Contractor Agreement ("Agreement") with

3

Long & Foster.[1]   As part of this Agreement, the parties contemplated that Long & Foster would provide Ebbets with access to its facilities and listings, and also would assign him a supervising broker as required under Virginia law.  The parties further agreed that, in exchange for these benefits, Ebbets, a very successful realtor, would use his best efforts to sell or lease real estate listed by Long & Foster.  Throughout their relationship, each party was entitled to receive a percentage of any commissions received from real estate sales closed by Ebbets.

## II.

The question before us is whether, under Virginia law, Ebbets, who was returning from a property inspection to Long & Foster's offices in Warrenton, Virginia when the accident occurred, was an employee of Long & Foster or an independent contractor.  The Hesses contend that, to resolve this question, we must consider the four factors of (1) selection and engagement, (2) payment of compensation, (3) power of dismissal, and (4) power to control the work of the individual articulated in McDonald v. Hampton Training Sch. for Nurses, 486 S.E.2d 299,

---

[1] The independent contractor agreement is not dated.  In his deposition, Ebbets stated that he believed he entered into the agreement in 2000, but he was uncertain of this date.

4

301 (Va. 1997). Of these, they assert the power to control is determinative, and that the provisions of Virginia law requiring brokers to supervise real estate salespersons impose a legal duty on brokers to control the realtors they supervise. See Va. Code Ann. § 54.1-2101 (2009); 18 Va. Admin. Code § 135-20-160(D) (2009). They also argue that the limitations and requirements imposed on Ebbets under the Agreement, and the circumstances of his relationship with Long & Foster, could allow a jury reasonably to infer that Long & Foster had the power to control the means and methods of his sales efforts and performance as a realtor.

Long & Foster disputes this, arguing that, both under Virginia law and the terms of the Agreement, Ebbets was an independent contractor. It contends the licensing regulations of the Virginia Real Estate Board that require all realtors to be supervised by a licensed real estate broker cannot create a *de facto* master-servant relationship.[2] This is because § 54.1-2101 defines "real estate salesperson" in part, as a person "affiliated as an independent contractor with[] a real estate broker . . . ." According to Long & Foster, to hold that

---

[2] Virginia regulations require supervising brokers to "exercise reasonable and adequate supervision of the provision of real estate brokerage services by associate brokers and salespersons assigned to the branch office." 18 Va. Admin. Code § 135-20-160(D).

5

Virginia's Administrative Code imposes a duty on brokers to control the realtors they supervise would eviscerate the Virginia General Assembly's statutory expectation that a broker may supervise a realtor working as an independent contractor to the broker. Finally, Long & Foster points to terms in the Agreement that expressly forbade it from controlling the means and manner of Ebbets's work as a realtor, terms it honored throughout its relationship with Ebbets.

After considering these arguments in the parties' cross-motions for summary judgment, the district court granted summary judgment to Long & Foster. In a well-reasoned opinion that thoroughly analyzed applicable Virginia law, as well as the Agreement between Long & Foster and Ebbets, the district court concluded that Ebbets was acting as an independent contractor at the time of the accident. It therefore granted summary judgment on the basis that Long & Foster neither controlled nor had the power to control Ebbets's work as a realtor. Hesse v. Ebbets, 2007 WL 4562818 (E.D. Va. 2007).

### III.

We review a district court's entry of summary judgment *de novo*, drawing all inferences in the light most favorable to the non-moving party. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). After careful consideration of the record, the

6

briefs and oral arguments, and the record before us, we affirm on the basis of the district court's well-reasoned opinion.

AFFIRMED